# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN CONTRERAS,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>SCOTT KERNAN, et al.,<br><br>　　　　　Defendants. | Case No. 1:16-cv-01111-SKO (PC)<br><br>**ORDER DISMISSING ACTION FOR PLAINTIFF'S FAILURE TO STATE A CLAIM, OBEY THE COURT'S ORDERS, AND TO PROSECUTE THIS ACTION**<br><br>**(Docs. 8, 10, 12, 13)** |

Plaintiff, Ruben Contreras, is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to jurisdiction of a United States Magistrate Judge for all purposes in this action. (Doc. 9.)

On June 2, 2017, the Court issued an order finding that Plaintiff failed to state any cognizable claims, dismissing the First Amended Complaint, and granting Plaintiff leave to file a second amended complaint. (Doc. 10.) Plaintiff requested and received an extension of time to file a second amended complaint. (Docs. 11, 12.) Plaintiff failed to file an amended complaint or otherwise respond to the Court's screening order within the specified time period. Thus, on August 21, 2017, an order issued for Plaintiff to show cause within twenty-one (21) days why the action should not be dismissed based on his failure to comply with the Court's June 2, 2017, screening order and to prosecute the action; alternatively, Plaintiff was allowed to file an amended complaint, or a voluntary dismissal. (Doc. 13.) Over a month has lapsed without any response from Plaintiff to either of these orders.

1

As noted in the order to show cause, the Local Rules, corresponding with Fed. R. Civ. P. 11, provide, "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions, including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See, e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules). Plaintiff appears to have abandoned this action, justifying dismissal.

Accordingly, **IT IS HEREBY ORDERED** that this action is **DISMISSED** with prejudice based on Plaintiff's failure to state a cognizable claim, and Plaintiff's failure to prosecute this action and obey the Court's June 2, 2017, and August 21, 2017, orders.

IT IS SO ORDERED.

Dated:  **October 3, 2017**          /s/ *Sheila K. Oberto*
                                                                UNITED STATES MAGISTRATE JUDGE